**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 19-2004**

─────────────

SUSAN WEBER,

        Petitioner,

    v.

DEPARTMENT OF VETERANS AFFAIRS,

        Respondent.

─────────────

On Petition for Review of an Order of the Merits Systems Protection Board. (PH−1221−18−0334−W−3)

─────────────

Argued:  May 4, 2022                                    Decided:  June 2, 2022

─────────────

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ARGUED:**  Charles Williamson Day, Jr., DAY LAW PRACTICE, LLC, Rockville, Maryland, for Petitioner.  Nathanael Brown Yale, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:**  Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Elizabeth M. Hosford, Assistant Director, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Susan Weber ("Appellant") appeals the Merit Systems Protection Board's ("MSPB") decision in favor of her employer, the Department of Veterans Affairs ("Appellee"), on her retaliation claim brought pursuant to the Whistleblower Protection Act. We affirm based on the reasoning of the MSPB in *Weber v. Department of Veterans Affairs*, No. PH-1221-18-0334-W-3, 2019 WL 2574953 (June 18, 2019).

I.

On October 30, 2016, Appellee hired Appellant as a clinical psychologist and the head of a post-traumatic stress disorder program for veterans at the Veterans Affairs Medical Center ("VAMC") in Martinsburg, West Virginia. Appellant's "appointment [was] subject to the completion of [a] one year trial period." J.A. 130.[*] In the months following Appellant's hiring, her supervisor, Michelle Cooke ("Cooke"), recorded notes detailing her discussions with Appellant about Appellant's role and limits to her job duties. On June 22, 2017, at a town hall meeting, Appellant "asked the Secretary of Veterans Affairs David J. Shulkin . . . what his expectations were for employees to be 'bolder' and more proactive in response to his statement that he wanted [employees] to be bolder because [Appellee] is in 'critical condition.'" J.A. 36. Appellant then "approached Acting Deputy Secretary Scott R. Blackburn [("Blackburn")] and spoke to him for about ten minutes about what [Appellant] reasonably believed to be substantial and specific dangers

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

2

to public safety at the VAMC in Martinsburg, WV, abuse of authority, and gross mismanagement of the facility." *Id.*

On June 23, 2017, Cooke met with one of Appellant's subordinates, Kristy-Ann Cook ("Cook"), who expressed "many complaints/concerns about how she ha[d] been treated by [Appellant]." J.A. 479. Six days later, Appellant and Cook were involved in an incident in the parking lot at the VAMC, wherein Cook alleged Appellant "pulled out in front of [her] cutting [her] off." J.A. 170–71. A verbal altercation followed, which resulted in Cook calling the police. The responding officer asked Cook to complete a witness statement for the investigative report. The officer closed the case because the incident "appear[ed] to be an administrative action to be handled by both employee"s [sic] upper management." J.A. 142. Appellant and Cook both contacted Cooke about the incident, and they were both subsequently re-assigned to other positions. Cook was moved to a "temporary assignment" with another program, J.A. 599, and Appellant was re-assigned to a non-supervisory position in "Mental Health Services until further notice" while Appellee investigated allegations of a hostile work environment. J.A. 46.

On July 10, 2017, Appellant met with Blackburn, Chief of Mental Health Services Dr. Mark Mann ("Mann"), and others to again discuss the concerns she raised at the town hall meeting. The next day, Appellant also informed Blackburn that she had been removed from her original position. Later in the month, while Appellee was still conducting its investigation of Appellant, Appellant emailed Blackburn and described the tension she felt with her supervisors.

3

By August 8, 2017, Appellee's investigation of the allegations against Appellant concluded, and on August 17, 2017, Appellee terminated Appellant "due to unacceptable conduct." J.A. 134. On September 28, 2017, Appellant filed a complaint with the Office of Special Counsel (the "OSC"). Appellant alleged that her re-assignment and ultimate termination were retaliation for the protected disclosures she raised concerning issues at the VAMC. The OSC "terminated its inquiry into [Appellant's] allegations" of retaliation on March 23, 2018. J.A. 20. Appellant then timely filed an individual right of action appeal with the MSPB. On June 18, 2019, the MSPB held that Appellant made protected disclosures and "met her prima facie burden of showing that her protected disclosures were a contributing factor in her reassignment and removal." J.A. 1336. But the MSPB denied her request for corrective action after concluding that Appellee "demonstrated by clear and convincing evidence that it would have reassigned and removed [Appellant] during her probationary period even absent her protected disclosure." J.A. 1341. Appellant timely filed a petition in this court seeking review of the MSPB's ruling.

## II.

We "may only set aside agency actions, findings, or conclusions if they are '(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" *Flynn v. U.S. Sec. & Exch. Comm'n*, 877 F.3d 200, 204 (4th Cir. 2017) (quoting 5 U.S.C. § 7703(c)).

4

III.

"When a whistleblower claims an agency took an impermissible personnel action, the Merit Systems Protection Board evaluates the case using a burden-shifting framework." *Flynn v. U.S. Sec. & Exch. Comm'n*, 877 F.3d 200, 204 (4th Cir. 2017). If a petitioner establishes a prima facie case of retaliation by demonstrating that she made a protected disclosure and that the protected disclosure was a contributing factor in the agency's personnel action, then "the burden shifts to the agency to show 'by clear and convincing evidence that it would have . . . taken . . . the same personnel action in the absence of the disclosure.'" *Id.* (quoting 5 C.F.R. § 1209.7(b)). Appellee does not contest the MSPB's determination that Appellant satisfied her burden to establish a prima facie case of retaliation. Accordingly, the sole issue before us is whether substantial evidence supports the MSPB's determination that Appellee proved by clear and convincing evidence that it would have re-assigned and removed Appellant if she had not made any protected disclosures. *See Miller v. Dep't of Just.*, 842 F.3d 1252, 1258 (Fed. Cir. 2016) (noting there is an "interrelatedness of the burden of proof a party must satisfy to win its case -- here, clear and convincing evidence -- and our standard of appellate review—substantial evidence in this instance").

The parties submit that we should follow the MSPB's lead in using the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318 (Fed. Cir. 1999) to determine whether Appellee has demonstrated it would have otherwise terminated Appellant, and we agree. Those factors are:

5

the strength of the agency's evidence in support of its personnel action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.

*Carr*, 185 F.3d at 1323.  Based on those factors, Appellee has met its burden.

First, the record evidence demonstrates workplace hostilities between Appellant and her subordinate, Cook, and both parties were re-assigned during the course of Appellee's investigation.  Second, there is no evidence that the relevant decisionmaker for Appellant's termination, Mann, had any animus based on Appellant's protected disclosures at the town hall meeting or the subsequent meeting with Blackburn.  Rather, the evidence supports Appellee's position that Mann's decision to terminate Appellant was based on the staff conflict.  While the final *Carr* factor is not determinative either way in this case, the balance of the factors demonstrates that Appellee would have removed Appellant absent the protected disclosure.

IV.

Having reviewed the record and the applicable law, and having had the benefit of oral argument, we affirm the judgment based on the reasoning of the MSPB.

*AFFIRMED*

6